

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-1411-07

**JOSE LUIS PENA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 10-03-00109-CR FROM THE TENTH COURT OF APPEALS
### LEON COUNTY

**HOLCOMB, J.,** *filed a dissenting opinion, in which* **PRICE**
*and* **JOHNSON, JJ.,** *joined.* **COCHRAN, J.,** *joined in Part I of the opinion.*

I respectfully dissent from the majority's holding that appellant's Texas constitutional claim was not preserved, for the following two reasons.

*1. Our previous disposition of this case.*

I believe this holding is especially inappropriate in the procedural context of this case. As the majority has indicated, this is not the first time the State has petitioned this Court on this exact same issue. In fact, the State presented this issue when it filed its first petition, in May 2005, stating

specifically: "Did the Court of Appeals err by reversing the trial court's decision on a legal theory not presented *either to the trial court or to the Court of Appeals* by the complaining party?" (Emphasis added.) We granted review on that question and Judge Hervey, in her dissent from our ensuing opinion, expressly noted that she would "decide that the state constitutional claim decided by the Tenth Court was *not 'preserved in the trial below*.'" *Pena v. State*, 191 S.W.3d 133, 147 (Tex. Crim. App. 2006) (Hervey, J., dissenting) (emphasis added) (citation omitted). But Judge Meyers, who also then dissented from our opinion, disagreed with her on that point. As he noted:

> At trial, defense counsel argued in his motion to suppress that the admission of the test results and the testimony surrounding them would violate his due process rights guaranteed by both the United States Constitution and the Texas Constitution. Thus, the issue of a violation of Appellant's rights under the Due Course of Law provision was *raised and preserved at trial*.

*Id.* at 139 (Meyers, J., dissenting) (emphasis added).

Indeed, Judge Meyers reiterated his position on the preservation of error issue when he articulated his reasons for dissenting in that case:

> *As this issue is now properly before us*, and no statute or caselaw precedent requires us to send the case back to the court of appeals, it violates common sense and judicial economy to remand it.

*Id.* (emphasis added).

Even though this disagreement between the judges on the preservation of error question was clear, the Court declined to address that issue at that time. *See* 191 S.W.3d at 136 n.14. But preservation of error is more than just a technicality. It is actually a procedural *gateway* that the parties must pass in order to have their claims heard on the merit. We do not address an issue if the party was required to preserve error, but failed to do so. Thus, when we remanded this case to the court of appeals, actually ordering it to obtain briefing from the parties on the *underlying claim itself*,

we had in effect allowed appellant to pass through the procedural gateway. In other words, even though we might have expressly declined to address the preservation issue, we did implicitly address it and decided either that appellant *had* preserved error or that he should be *excused* from the preservation requirement in light of the question presented in this case.

In fact, our opinion clearly suggests that we did consider the preservation issue and resolved it in appellant's favor. We stated that "[w]e have previously held, and reaffirm today, that appellate courts are free to review 'unassigned error' – a claim that *was preserved in the trial below* but was not raised on appeal." *Id.* at 136 (emphasis added). We added that, "[i]n conducting such a review, however, the question becomes whether certain circumstances obligate a court to *assign* such error by ordering briefing from the parties." *Id.* (emphasis in original). Thus, when we remanded the case ordering the court of appeals to obtain briefing from the parties, we were acknowledging that appellant's claim *had* been "preserved in the trial below" even though it had "not [been] raised on appeal." *Id.*

Our opinion was also quite clear on our reasons for excusing the preservation requirement in this case. As we stated, "[w]e recognize that many, if not most, of the types of error that would prompt *sua sponte* appellate attention need *not* be assigned because the error involved constitutes an obvious violation of established rules. *Novel constitutional issues are a different matter.*" *Id.* (first, stylistic emphasis in original; later emphases added). As we explained later in the opinion,

> We do not suggest that an appellate court must order briefing every time it decides to raise on its own a point of error not briefed by the parties. As we indicated earlier, some rules – constitutional or otherwise – are already firmly established through prior litigation, having already passed through the fires of adversarial testing. And rules that do not expand the reach of the federal or state constitutions can be overturned by the Legislature; although the cost of mistakes regarding those types of rules is high, a remedy exists. *But a novel rule that expands the reach of a*

*constitutional provision can hamstring the Legislature as well as frustrate trial courts and prosecutors who relied upon the rule that was previously in effect.*

*Id.* at 137-38 (emphasis added).

The majority in the present case acknowledges our previous holding that the Texas constitutional question in the present case is a novel issue. *See* Maj. op. at *5 ("We recognized that whether the due course of law provision grants more protection than the Due Process Clause is a novel state constitutional question and therefore requires careful deliberation by an appellate court.")(citing *Pena*, 191 S.W.3d at 136-37). In spite of its acknowledgment of and even apparent agreement with that holding, however, the current majority then proceeds to dismiss that underlying claim on the same preservation-of-error ground that our previous majority had in effect excused specifically *because* of its recognition that the underlying Texas constitutional question in the present case was a novel issue. What's more, while the majority in our previous opinion had spent considerable time discussing, and thus had in fact engaged in "careful deliberation," *id.*, before it ultimately concluded that the court of appeals had erred only because of its "failure to afford the parties an opportunity to brief" that underlying Texas constitutional issue, *see Pena*, 191 S.W.3d at 138, the current majority does not even try to explain its departure from our previous leniency on the question of error preservation. In other words, it does not explain why what was no doubt good law to the previous majority, enabling it to *order* the court of appeals to proceed on the merits of the underlying Texas constitutional claim, is not such good law anymore.

I believe it is fair to say that we are in effect reversing our earlier decision, at least as far as the preservation issue is concerned. In my opinion, the question of preservation became moot when we remanded the case to the court of appeals *ordering* it to proceed on the underlying Texas

constitutional issue by requesting the parties' briefs on it. As I noted earlier, we issued that opinion in April 2006. The court of appeals complied with our orders; and the parties complied with that court's instructions, researching and filing briefs with that court *on the underlying Texas constitutional issue*. Then, in May 2007, the court of appeals presented a very detailed and in-depth analysis of that same issue in a *published* opinion. The State then filed the current petition, in June 2007, and we are now deciding this case in April 2009. In other words, it has been almost three years since we remanded this case to the court of appeals with orders to obtain the parties' briefing on the underlying Texas constitutional issue. I submit that we are now in effect *estopped* from declining to address that underlying issue because of our own earlier orders. We cannot and should not put the parties *and* the court of appeals through all this time, effort, and expense of trying to comply with our own orders to address an issue, and then refuse to address that issue ourselves on the ground that it had never been preserved for our review, in the first place. It is simply not fair, either to the parties or to the court of appeals; and it certainly does not reflect well on this Court. We need to be consistent in the approach we take, at least in our dealing with the same case.

*2. Appellant did preserve error*

Personally, I believe that appellant did preserve error. The trial transcript is replete with appellant's repeated assertion of his rights under both the Federal Due Process Clause and the Texas Due Course of Law provision. If he truly believed that both these provisions were synonymous and provided *identical* protection, he did not need to keep invoking the state law. The Fourteenth Amendment to the United States Constitution is sufficient to provide a defendant in a state trial with all the due process protection guaranteed by the federal constitution. Thus, the fact that appellant carefully and repeatedly went to the trouble of invoking both of those provisions every single time

that he objected, indicates that he was hoping *one or the other* would provide greater protection and, therefore, did his best to preserve error on whichever ground the appellate courts ultimately decided did provide more protection.

In addition, I find it significant that appellant, in his "Omnibus Pretrial Motions," clearly asked the trial court to suppress the evidence in question (testimony and reports related to the marijuana that was destroyed by the State before appellant could have it independently tested) because it had been obtained in violation of "the United States Constitution *or* the Texas Constitution." (Emphasis added.) The trial court also recognized the possibility of differing levels of protection afforded by the federal and state provisions, as it stated:

> Now, the Court understands that we have lost evidence here and in these type [of] cases the defendant must show that the prosecution acted in bad faith when it failed to preserve the evidence to show violation of due process *or* due course of law.

(Emphasis added.)

It is also important to note that appellant did not stop at invoking the federal Due Process and the state Due Course of Law provisions. He also invoked provisions of the Texas Health and Safety Code and the Texas Code of Criminal Procedure. The purpose of his efforts was quite clear: the State had destroyed what both the trial court and the court of appeals agreed was "material" evidence against him, and he was trying to invoke whatever authority – federal *or* state – that he could possibly think of that might have provided him with the most protection in light of such destruction. It is the State's burden to prove the defendant's guilt; and Texas law in particular requires the State to take "at least five random and representative samples" of "a controlled substance property or plant" and to preserve "a sufficient quantity" to be provided for discovery by the defense, before the State is allowed to destroy the rest of such evidence. *See* TEX. HEALTH & SAFETY CODE § 481.160.

But in this case, the State destroyed the very evidence that established appellant's guilt,[1] yet still felt free to proceed with the prosecution on the basis of a lab report and testimony based *solely* on that lab report,[2] even though the defense had never gotten a chance to vindicate his rights, *under Texas law*, to independently test and confirm the identity of the destroyed evidence.

In fact, defense counsel made these concerns quite clear when he told the trial court:

And I would again just -- if I understand the Court [is] going to let this testimony in, that this was tested as marijuana, that it was marijuana and the weight of the marijuana, and when the Court found that it wasn't done purposefully by the laboratory, be it the State of Texas, that puts defense counsel in a posture, Judge, where *we are forced to assume the burden and prove a negative.*

(Emphasis added.) The Court's empathy was equally clear as it responded, "I know that, Mr. Cahill. But you know, I didn't write the law." It even elaborated further:

I'm just trying to follow the law and that's what these cases say. I realize it puts the defendant in a predicament. And you're doing just what I would do if I was in your shoes. But I didn't write the law. I have got to follow the law that the courts write for me and that's what I'm trying to do and that's what they told me to do so I'm doing it.

The trial court was in fact quite understanding and afforded the defense counsel every opportunity to offer a case – any case – providing the protection that appellant sought to exclude the evidence in question. But then, no such case law exists! As I noted earlier, this Court itself had recognized in our first opinion in this case that whether the Texas Due Course of Law provision provides greater support than the federal Due Process of Law is a novel question. Thus, all that

---

[1]Appellant could not have been charged or prosecuted for *possessing marijuana* if the defense had been able to test and prove the substance to be something *other* than marijuana.

[2]The chemist testified that he could not personally remember that particular testing because it had been almost five years since he had done that testing. He therefore relied exclusively on the aforementioned lab report for his testimony.

appellant could and did do was to invoke both those federal and Texas provisions. Whether one of them offered more protection than the other was a question of law that could be addressed and resolved only by an appellate court.

The defense counsel submitted pre-trial motions, argued vigorously at the suppression hearing, and objected consistently throughout the trial on the grounds of both the federal Due Process Clause *and* the Texas Due Course of Law provisions. In explaining these grounds for his objections, the defense counsel made it crystal clear that he was trying to invoke whichever authority – federal *or* state – would have provided him the most protection to exclude the evidence in question. In short, I believe that the defense counsel made his point abundantly clear to make the trial court aware of his complaint and thus preserved error under the Texas Rule of Appellate Procedure 33.1 on the underlying Texas constitutional question in this case. We should therefore now proceed to address that underlying question.[3]

\* \* \* \* \* \* \* \* \* \* \*

The majority adds the following in response to the first issue I raised:

> Finally, we consider an issue raised by the dissent. The dissent contends that we implicitly ruled that Pena's due course of law complaint was preserved when we remanded this case in 2006. However, as noted above, we explicitly decided not to address preservation at that time. We did this because the court of appeals never expressly ruled on the issue before proceeding to the merits of the issue as "unassigned error." Therefore, when remanding for briefing, we took into account two important policy interests: first, to allow the parties to have an opportunity to brief the threshold preservation question given the novelty of the issue; and second,

---

[3]I express no opinion about the merit of the underlying claim in this case, except to note that, in some cases at least, we have held that the Texas Constitution offers more protection than the comparable provisions of the federal Constitution. *See, e.g., Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991) (concluding that "this Court, when analyzing and interpreting Art. I, § 9, Tex. Const., will not be bound by Supreme Court decisions addressing the comparable Fourth Amendment issue.") (footnote omitted).

> to allow the court of appeals to decide the issue in the first instance with briefing. It defies logic to say that we implicitly ruled on the preservation issue when we expressly declined to do so.

Maj. op. at 8-9 (citations omitted).

The majority fails to realize, however, that we did not mention any of this in our previous opinion. *See Pena*, 191 S.W.3d. For instance, our opinion never stated that the court of appeals had failed to "expressly rule[]" on the preservation issue. *See id.* We also never instructed the court of appeals to either address or request briefing on that issue. *See id.* Thus, contrary to the current majority's assertion, we never "allow[ed] the parties to have an opportunity to brief the threshold preservation question." *See* Maj. op. at 9. Moreover, our earlier opinion says nothing about the "two important policy interests" only now articulated by the current majority. *See id.*; *see also Pena*, 191 S.W.3d. In fact, the only time that we talked about preservation was in that footnote in which we expressly *declined* to address the question of preservation. *See Pena*, 191 S.W.3d. at 136 n.14. Except for that one footnote, our entire opinion was devoted exclusively to the question of whether it was appropriate for the court of appeals to have addressed the *underlying* Texas constitutional issue without first obtaining briefing from the parties *on* that underlying issue. In short, there was nothing in our earlier opinion that could have alerted either the parties or the court of appeals to the fact that they were supposed to address anything other than the underlying issue.

Finally, I don't see anything that "defies logic"[4] in pointing out the inconsistencies in both our previous and current opinions. As I noted earlier, we had stated in our previous opinion that "[w]e have previously held, and reaffirm today, that appellate courts are free to review 'unassigned error' – a claim that was preserved in the trial below but was not raised on appeal." *See Pena*, 191

---

[4]Maj. op. at 9.

S.W.3d. at 136. Except for that one footnote in which we expressly declined to address the preservation question, *see id.* at 136 n.14, we devoted the entire opinion to discussing the lower court's need for obtaining party briefing on the underlying Texas constitutional issue. In fact, we concluded that opinion by ordering the court of appeals to obtain such briefing solely on that underlying issue. The only *logical* way to reconcile this apparent discrepancy between the disavowing footnote and the rest of the opinion is to assume that we had decided to relax the preservation requirement in light of the novelty of the underlying question presented in the case, and that the purpose of the disavowing footnote was merely to note our unwillingness to expressly *discuss* our reasons for having relaxed that requirement.

But the current majority contests this logical assumption and insists that we had in effect reserved some right to dismiss this case on the grounds of preservation, in spite of all the time, money and effort spent by the parties and the court of appeals addressing the underlying Texas Constitutional issue that we had *explicitly* ordered them to address three years ago. But if that is true, then the only logical explanation for the above-mentioned discrepancy between the footnote and the rest of our early opinion is that we had been *internally* inconsistent when, on the one hand, we devoted practically our entire opinion discussing the lower court's need for obtaining party briefing *solely* on the underlying Texas constitutional issue; while, on the other hand, summarily declined to address what the majority now calls "the *threshold* preservation question"[5] in a mere footnote. *See Pena* at 136 n.14. I submit, however, that there was no such internal inconsistency in our previous opinion, and that it is the current opinion summarily dismissing the underlying claim that is actually inconsistent with our earlier approach. But no matter how one chooses to look at it, I

---

[5]Maj. op. at 9 (emphasis added).

believe that the only clear message that our opinion sends out today is that we are consistent in being inconsistent.

For all the foregoing reasons, I respectfully dissent.


FILED: April 8, 2009.

PUBLISH